## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| MARK BOATWRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:17-CV-34 (MTT) |
| | ) | |
| ASPEN PRODUCTS, INC., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Before the Court is the Plaintiff's motion to appoint counsel.  Doc. 3.  The Plaintiff

brought his complaint for employment discrimination and failure to accommodate

pursuant to Title VII, the Americans with Disabilities Act, and the Civil Rights Act of

1991.  Doc. 1 at 2-4.

The ADA incorporates several provisions of Title VII, including 42 U.S.C. §

2000e-5.  42 U.S.C. § 12117.  As a result, courts have similar discretion to appoint

counsel under the ADA as under Title VII.  *Donohoe v. Food Lion Stores, Inc.*, 253

F.Supp.2d 1319, 1321 (N.D. Ga 2003).  42 U.S.C. § 2000e-5(f)(1) authorizes the

appointment of counsel "in such circumstances as the Court may deem just," and

pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent

any person unable to afford counsel" in any case.  But "[a]ppointment of counsel in a

civil case is not a constitutional right."  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.

1985).  "It is a privilege that is justified only by exceptional circumstances."  *Id.*; *see also*

*Donohoe*, 253 F.Supp.2d at 1321 ("[T]he decision of whether to provide counsel

[pursuant to § 2000e-5] lies solely within the discretion of the court." (quoting *Johnson v. City of Port Arthur*, 892 F.Supp. 835, 839 (E.D.Tex.1995))).  In exercising its discretion regarding whether to appoint counsel for an indigent party, a district court typically considers several factors, including: (1) the Plaintiff's ability to afford counsel; (2) the Plaintiff's efforts to obtain counsel; (3) the merits of the claim; and (4) whether the legal or factual complexity of the case warrants the assistance of counsel.  *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989); *Donohoe*, 253 F.Supp.2d at 1321.

The Plaintiff fails to show "exceptional circumstances" or "such circumstances as the Court may deem just" to appoint counsel.  *Wahl*, 773 F.2d at 1174; 42 U.S.C. § 2000e-5(f)(1).  Appointment of counsel is not justified here because (1) the Plaintiff has not attempted to obtain counsel; and (2) the factual and legal complexities of the Plaintiff's claims do not warrant the assistance of counsel.  First, the Plaintiff has given no evidence or assertion that he attempted to seek counsel.  Accordingly, this factor weighs against the Plaintiff.

Second, even if the Plaintiff had previously expended effort to obtain counsel, nothing suggests that the case is legally or factually complex enough to warrant appointment of counsel.  When evaluating the complexity of a plaintiff's claim, the district court must analyze the plaintiff's ability to present her case without counsel. *Donohoe*, 253 F.Supp.2d at 1323.  Here, the Plaintiff's claim is a relatively straightforward employment discrimination claim involving incidents particular to the Plaintiff.  *See* Doc. 1 at 3 (citing as the two issues of the case (1) "an unfavorable decision . . . for nine (9) unexcused absences" and (2) failure to accommodate the Plaintiff's injury); *see also Wall*, 773 F.2d at 1174 (finding no exceptional circumstances

-3-

where "essential facts and legal doctrines were ascertainable without the assistance of court-appointed counsel"); *see also Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (finding no exceptional circumstances where (1) the plaintiff's claims were straightforward; (2) the claims were based on incidents mostly witnessed by the plaintiff himself; and (3) the plaintiff's pleadings showed a capability of adequately representing himself).  The Court finds that the Plaintiff has the ability to understand the relevant substantive and procedural issues and is capable of representing himself adequately in this matter.

The Plaintiff has not shown the exceptional circumstances necessary to justify the appointment of counsel.  Accordingly, the Plaintiff's motion to appoint counsel (Doc. 3) is **DENIED**.

**SO ORDERED**, this 2nd day of February, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITEPD STATES DISTRICT COURT
